# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )
     )
     vs.     )     Case No. 08-CR-2972 JB
     )
**JOSUE TARANGO, a/k/a**     )
**Josh Tarango,**     )
     )
     Defendant.     )

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

The United States of America requests that, before the jurors deliberate in this case, they be given the attached special instructions and the Court's standard instructions, with some modifications and argument as more fully described below, and further requests permission to submit such additional instructions and argument as may become appropriate prior to, or during the trial in the above-captioned matter.

    1.    Introduction to final instructions, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.03 (Feb. 2006).

    2.    Duty to follow instructions, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.04 (Feb. 2006).

    3.    Presumption of innocence, burden of proof, reasonable doubt, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.05 (Feb. 2006).

    4.    Evidence - defined, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.06 (Feb. 2006).

    5.    Evidence - direct and circumstantial, inferences, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.07 (Feb. 2006).

    6.    Credibility of witnesses, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.08 (Feb. 2006).

7.      Non-testifying defendant, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.08.1 (Feb. 2006).[1]

8.      Impeachment by prior conviction, witness other than defendant, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.12 (Feb. 2006).[2]

9.      Caution - consider only crime charged, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.19 (Feb. 2006).

10.     Caution - punishment, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.20 (Feb. 2006).

11.     Duty to deliberate - verdict form, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.23 (Feb. 2006).

12.     Similar acts, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.30 (Feb. 2006).

13.     Actual or Constructive Possession, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.31 (Feb. 2006).

14.     Communication with the court, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.43 (Feb. 2006).

Respectfully submitted,

GREGORY J. FOURATT
United States Attorney

*Electronically filed April 5, 2009*
REEVE L. SWAINSTON
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

---

[1] If the defendant does not testify.

[2] Only if the prior convictions are for a crime of dishonesty, otherwise the United States requests the Court evaluate any prior convictions in accordance with Fed. R. Evid. 403, regardless of which party calls the witness.

I hereby certify that on April 5, 2009, I filed the foregoing document electronically through the CM/ECF system, which caused the attorneys of record to be served by electronic means.

***Electronically filed April 5, 2009***
Reeve L. Swainston
AUSA

GOVERNMENT'S PROPOSED INSTRUCTION No. ___[3]

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by **Assistant United States Attorney Reeve Swainston**.  The defendant, **Josue Tarango**, is represented by his lawyer, **Charles Fisher**.

The indictment charges the defendant with possessing with intent to distribute a controlled substance (methamphetamine), at Count 1; possessing with intent to distribute a controlled substance (cocaine), at Count 2; and possession of a firearm in furtherance of a drug trafficking crime, at Count 3.  The indictment is the description of the charges made by against the defendant; it is not evidence of guilt or anything else.  The defendant pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  Mr. Swainston, in his opening statement, will tell you about the evidence which the United States intends to put before you.  Just as the indictment is not evidence, neither are the opening statements of attorneys.  Its

---

[3] Revision as noted of Tenth Circuit Crim. Pattern Jury Instructions, No. 1.01 (Feb. 2006).  Throughout this document, revisions in the pattern instructions are identified by using the strikeout font for material deleted from the pattern instruction and the bold font for material added to the pattern instruction.  Footnotes set out the reasons for the government's requested changes.

purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney, Mr. Fisher, may make an opening statement also.

Evidence will be presented from which you will have to determine the facts.  The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence.  After the government's evidence, the defendant's lawyer may also present evidence, but is not required to do so.  The defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.  If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Sometimes we will talk briefly, at the bench.

But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides and I have instructed you on the rules of law you are to use in reaching your verdict,[4] the government and the defense will each be given time for their closing arguments.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case. Nothing I say or do should lead you to believe that I have any opinion about the facts, nor taken as indicating what your verdict should be.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes. If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

---

[4] This modification is appropriate if the Court instructs the jury before the attorneys present their closing arguments.

At the end of the presentation of evidence, I will instruct you in detail on the law you must apply in your deliberations, including the law on what is called the "elements" of each offense charged. To assist you in understanding the relevance of evidence that will be presented to you over the course of the trial, I will tell you now briefly the elements of each offense.

As I said earlier, the defendant is charged in Counts 1 and 2 with possession with intent to distribute a controlled substance (methamphetamine and cocaine). To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly or intentionally possessed a controlled substance;

Second: the substance was in fact Methamphetamine and Cocaine, as charged in Counts 1 and 2, respectively;

Third: the defendant possessed the substance with the intent to distribute it; and

Fourth: the weight amount of the Methamphetamine possessed by the defendant was 500 grams or more. There is no minimum weight for the Cocaine.

I instruct you that both Methamphetamine and Cocaine are controlled substances within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

In Count 3, the defendant is charged with Possession of a firearm in furtherance of a drug trafficking crime. To find the defendant guilty of that offense, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First: the defendant committed the crime of possession with intent to distribute a controlled substance, as charged in Counts 1 and 2 of the indictment, which is a drug trafficking crime; and

Second: the defendant possessed a firearm in furtherance of this crime.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime.  Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8.  proximity to drugs or drug profits.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict.  However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case.  In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers.  If it is determined to be a proper and necessary question, I will ask it.  If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all.  In addition, during the course of the trial you should not talk about the trial with anyone else.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case.  Because of this, you should not attempt to gather any information on your own that you think might be helpful.  Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  However, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media.  The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Swainston, you may present the opening statement for the government.

GOVERNMENT'S PROPOSED INSTRUCTION No. ___[1]

During the trial you heard the testimony from expert witnesses who expressed opinions concerning certain evidence in this case.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

---

[1] Tenth Circuit Crim. Pattern Jury Instructions, No. 1.17 (Feb. 2006).

GOVERNMENT'S PROPOSED INSTRUCTION No. ___[1]

You will note that the indictment charges that the crime was committed on or about December 7, 2007.  The government does not have to prove that the crime was committed on the exact date stated, so long as the government proves beyond a reasonable doubt that the defendant committed the crime reasonably near the date stated.

---

[1] Revision as noted of Tenth Circuit Crim. Pattern Jury Instructions, No. 1.18 (Feb. 2006).

The law recognizes two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two persons share actual or constructive possession of a thing, possession is joint.[2]

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

[More than one person can be in possession of an object if each knows of its presence and has the power and intention to control it.][3]

---

[1] Revision as noted of Tenth Circuit Crim. Pattern Jury Instructions, No. 1.31 (Feb. 2006).

[2] Taken from Fifth Circuit Instruction 1.31, the recommended paragraph is a clear, concise statement of the law regarding sole and joint possession and is part of a stock instruction that the Tenth Circuit has affirmed many times.  United States v. Zink, 612 F.2d 511, 516-517, n.1 (10th Cir. 1980); see also United States v. McCoy, 781 F.2d 168, 171 (10th Cir. 1985).  The pattern instruction lacks balance and unduly emphasizes concepts favoring a finding that a defendant did not enjoy constructive or joint possession.  The suggested added paragraphs correctly state the law, including the concepts favoring such a finding.

[3] The paragraph recommended to be deleted is surplusage and unnecessary for a standard possession instruction in light of the preceding paragraph discussing joint possession that is recommended to be added.

[A defendant has joint possession of an object when two or more persons share actual or constructive possession of it. However, merely being present with others who have possession of the object does not constitute possession.]<sup>4</sup>

[In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object]<sup>5</sup>

[In addition, momentary or transitory control of an object, without criminal intent, is not possession. You should not find that the defendant possessed the object if he possessed it only momentarily, and either did not know that he possessed it or lacked criminal intent to possess it.]<sup>6</sup>

_____

<sup>4</sup> See note 5.

<sup>5</sup> The paragraph recommended to be deleted is misleading and will promote an inaccurate application of the law. Further, it is surplusage and is unnecessary for a standard possession instruction in light of the recommended preceding paragraph discussing possession in the context of joint occupancy. In particular, the reference to control over a place to determine possession confuses the relevant issues. If a defendant has exclusive possession of the premises, knowledge and control are properly inferred. United Sates v. Hien Van Thieu, 279 F.3d 917, 922 (10th Cir. 2002). If the defendant is not in exclusive possession, there then must be a showing of a connection or nexus between the defendant and the item. Id. at 922. This proposition is adequately addressed in the paragraph recommended to be incorporated discussing the need for a nexus or connection between the defendant and the contraband. See also United States v. Norman, 388 F.3d 1337 (10th Cir. 2004).

<sup>6</sup> The paragraph recommended to be deleted is redundant, confuses the applicable law, and promotes an inaccurate application of the law. In United States v. Adkins, 196 F.3d 1112 (10th Cir. 1999), the Tenth Circuit held that the trial court properly refused a defense request to give a "fleeting possession" instruction. In Adkins, the Court stated that "even if a felon held a firearm for a mere second or two, unless that felon truly did not know that what he possessed was a possession or there

was some recognized legal justification for his holding the firearm, § 922(g) will still impose criminal liability." <u>Adkins</u>, 196 F.3d at 1115. Further, a fleeting possession instruction is inappropriate in all circumstances since the government must always prove that defendant knowingly possessed a firearm, regardless of whether possession was for a few seconds or for a sustained period of time. <u>See</u> 18 U.S.C. § 922(g); <u>United States v. Mains</u>, 33 F.3d 1222, 1228 (10th Cir. 1994) ("only knowledge required for a § 922(g) conviction is knowledge that instrument possessed is a firearm. . . ") (internal citation omitted).

15

GOVERNMENT'S PROPOSED INSTRUCTION No. ___[1]

~~Each count of the indictment also charges a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."~~

~~This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:[2]~~

~~*First*: someone else committed the charged crime, and~~

~~*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.~~

~~The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.~~

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through

---

[1] Revision as noted of Tenth Circuit Crim. Pattern Jury Instructions, No. 2.06 (Feb. 2006).

[2] As stated, this instruction would lead a jury to believe that aiding and abetting is a separate crime, rather than simply a way to commit or participate in a crime. See United States v. Cooper, 325 F.3d. 1041, 1049 (10th Cir., 2004) (establishing that 18 U.S.C.§ Aiding and Abetting "simply abolishes the common law distinction between principal and accessory").

the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

So, if another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Notice, however, that before any defendant may be criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.[3]

---

[3] This form of instruction, quoted from the body of the case, was adopted by the court in United States v. Yazzie, 188 F.3d 1178, 1194-95 (10th Cir. 1999). The clarity of the suggested instruction (e.g., "Whoever . . . induces or commands its commission, is punishable as a principal") eliminates a format with elements of the offense, because the law in this area is clear: "It is well established that aiding and abetting is not an independent crime under 18 U.S.C. § 2; it simply abolishes the common-law distinction between principal and accessory." United States v. Cooper, 375 F.3d 1041,1049 (10th Cir. 2004) (quoting United States v. Scroger, 98 F.3d 1256,1262 (10th Cir. 1997).

GOVERNMENT'S PROPOSED INSTRUCTION No. ___
(INDICTMENT)

The defendant is charged by indictment as follows:

Count 1

On or about December 7, 2007, in San Juan County, in the District of New Mexico, the defendant, **JOSUE TARANGO, a/k/a Josh Tarango,** unlawfully, knowingly and intentionally did possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.

Count 2

On or about December 7, 2007, in San Juan County, in the District of New Mexico, the defendant, **JOSUE TARANGO, a/k/a Josh Tarango,** unlawfully, knowingly and intentionally did possess with intent to distribute a mixture and substance containing a detectable amount of cocaine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.

Count 3

On or about December 7, 2007, in San Juan County, in the District of New Mexico, the defendant, **JOSUE TARANGO, a/k/a Josh Tarango,** did possess a firearm, to wit: a Romanian AK-47 rifle, Model AES-10, S/N A51-01584-06, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, as charged in Count 1 of this Indictment and possession with intent to distribute

a mixture and substance containing a detectable amount of cocaine, as charged in Count 2 of this

Indictment.

       In violation of 18 U.S.C. § 924(c)(1)(A).

## POSSESSION OF A FIREARM IN FURTHERANCE
## OF A DRUG TRAFFICKING CRIME
## 18 U.S.C. § 924(C)(1)

The defendant is charged in Count _____ with a violation of 18 U.S.C. Section 924(c)(1).

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant committed the crime of possession with intent to distribute a controlled substance, as charged in Counts 1 and 2 of the indictment, which is a drug trafficking crime; and

Second: the defendant possessed a firearm in furtherance of this crime.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated

---

[1] Revision as noted of Tenth Circuit Crim. Pattern Jury Instructions, No. 2.45.1 (Feb. 2006).

to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

GOVERNMENT'S PROPOSED INSTRUCTION No. ___[1]

## CONTROLLED SUBSTANCES--
## POSSESSION WITH INTENT TO DISTRIBUTE
## 21 U.S.C. § 841(a)(1)

The defendant is charged in Counts 1 and 2 with a violation of 21 U.S.C. Section

841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has

proved each of the following beyond a reasonable doubt:

*First*:          the defendant knowingly or intentionally possessed [name controlled
                  substance] as charged **a controlled substance**;[2]

**Second**:      **the substance was in fact [name controlled substance] as charged;**

~~Second~~ **Third**: the defendant possessed the substance with the intent to distribute it; and

~~Third~~ **Fourth**: the ~~weight~~ **amount** of the [name controlled substance] defendant
                  possessed was at least [name amount] as charged.

Methamphetamine and Cocaine are controlled substances within the meaning of the law.

_____

[1] Revision as noted of Tenth Circuit Crim. Pattern Jury Instructions, No. 2.85 (Feb. 2006).

[2] The apparent attempt to simplify this instruction has resulted in a mis-statement of Tenth Circuit law that would substantially interfere with the prosecution of interdiction drug cases. The pattern instruction requires the government to prove that the defendant knowingly or intentionally possessed or distributed a particular controlled substance. However, as the Comment to pattern Instruction 2.85.1 notes, citing United States v. Johnson, 130 F.3d 1420, 1428 (10th Cir. 1997), the government is not required to prove that the defendant knew the precise nature or quantity of the controlled substance, only that he possessed some type of controlled substance. Accord, United States v. Jackson, 213 F.3d 1269, 1285 (10th Cir. 2000), vacated on other grounds, 240 F.3d 1245 (2001); United States v. Levario, 877 F.2d 1483, 1485 (10th Cir. 1989), overruled on other grounds by Gozlon-Peretz v. United States, 498 U.S. 395 (1991). In accordance with Tenth Circuit law, then, the first element of this instruction should be broken up into two elements: (1) that the defendant knowingly or intentionally possessed a controlled substance; and (2) that the substance was in fact [the charged substance]. See also Fifth Circuit, Pattern Jury Instruction 2.87 (West 2001).

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

In determining whether or not the defendant intended to distribute the controlled substance, you may consider the quantity of the controlled substance allegedly possessed by the defendant, considered in light of all the other evidence in the case. Whether or not a particular quantity of substance shows an intent to distribute the substance, is a matter exclusively within the province of the jury.[3]

In determining whether or not the defendant knowingly possessed the controlled substance, if you find the government has proved beyond a reasonable doubt that the defendant had sole possession of a premises [in this case, the master bedroom of the home at #15 County Road 5377] in which the controlled substances were found, you may infer – but are not required to infer – that the defendant knowingly possessed the controlled substance. Any inference you draw must be based upon all the evidence in the case, not merely the defendant's relationship to the premises. Although this inference is permitted – if you believe it is justified in light of all the evidence – I caution you that the burden of proof does not shift. The burden remains with the

---

[3] Citing United States v. King, 485 F.2d 353, 357 (10th Cir. 1973), the Use Note correctly states that the quantity of the controlled substance may permit an inference that the possessor intended to distribute it. Accord, United States v. Pulido-Jacobo, 377 F.3d 1124, 1131 (10th Cir. 2004); United States v. Gama-Bastidas, 222 F.3d 779, 787 (10th Cir. 2000); United States v. Delreal-Ordones, 213 F.3d 1263, 1268 n. 4 (10th Cir. 2000); United States v. Wood, 57 F.3d 913, 918 (10th Cir. 1995).

government to prove beyond a reasonable doubt that the defendant knowingly possessed the controlled substance.[4]

To prove constructive possession[5] where there is joint occupancy, the government must present direct or circumstantial evidence to show some connection or nexus individually linking the defendant to the object, in this case, Methamphetamine, Cocaine, and the AK-47 Rifle. You must consider each fact in the light of all the other evidence in the case in determining whether or not a defendant knowingly possessed an object. Thus, you may, but are not required to, find that the substantial quantity or value of a controlled substance makes it unlikely that the owner of the controlled substance would have placed it in a premises, such as a master bedroom closet, without the knowledge of at least one of the occupants of the premises. You may also find, but are not required to find, that the resident of the master bedroom has knowledge of contraband it

---

[4] Similar instructions were approved in United States v. Cota-Meza, 367 F.3d 1218 (10th Cir.), cert. denied, 125 S.Ct 276 (2004) and United States v. Badilla, 383 F.3d 1137 (2004). The language of this "permissive inference" instruction addresses concerns voiced by the court in these cases.

[5] Tenth Circuit Instruction 2.85 does not give the jurors in vehicle or premises cases any assistance in determining what factors they may consider on the issue of the defendant's knowledge that he was in actual or constructive possession of a controlled substance found in the vehicle or on the premises. The instruction on actual or constructive possession, Instruction 1.31, contains some assistance but lacks balance. The fifth paragraph of pattern instruction 1.31 has been added to what appears to be the Fifth Circuit pattern instruction on possession, but the added paragraph states only what does not suffice to prove possession. A more balanced instruction should discuss a wider variety of positive and negative factors the jurors may consider in making their determination, specifically in the context of controlled substance cases. The factors compiled in this proposed additional instruction come from United States v. Pulido-Jacobo, 377 F.3d 1124, 1130 (10th Cir. 2004); United States v. Cota-Meza, 367 F.3d 1218, 1221-22 (10th Cir. 2004); United States v. Springfield, 196 F.3d 1180, 1183 (10th Cir. 1999); United States v. Rodriguez, 192 F.3d 946, 950 (10th Cir. 1999); United States v. Lazcano-Villalobos, 175 F.3d 838, 843 (10th Cir. 1999); United States v. Valadez-Gallegos, 162 F.3d 1256, 1261 (10th Cir. 1998); United States v. Levario, 877 F.2d 1483, 1485-86 (10th Cir. 1989), overruled on other grounds by Gozlon-Peretz v. United States, 498 U.S. 395 (1991).

contains.  You should not make such determinations about a defendant's knowing possession, however, unless, in light of all the other evidence, you are convinced beyond a reasonable doubt that the quantity or value of a controlled substance, or a defendant's sole possession or occupancy of the premises, leads to the inference that that defendant knowingly possessed the controlled substances and firearm located in the in the premises.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CR-2972 JB |
| | ) | |
| **JOSUE TARANGO, a/k/a** | ) | |
| **Josh Tarango,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>V E R D I C T</u>

### <u>COUNT 1</u>

WE, the jury, find the defendant, **JOSUE TARANGO, a/k/a Josh Tarango**,

_____ as charged in Count 1 of the indictment.
    (guilty or not guilty)


### <u>COUNT 2</u>

WE, the jury, find the defendant, **JOSUE TARANGO, a/k/a Josh Tarango**,

_____ as charged in Count 2 of the indictment.
    (guilty or not guilty)


### <u>COUNT 3</u>

WE, the jury, find the defendant, **JOSUE TARANGO, a/k/a Josh Tarango**,

_____ as charged in Count 3 of the indictment.
    (guilty or not guilty)

Dated this _____ day of April, 2009.

_____
FOREPERSON