# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Josue Tarango** <br> **a/k/a Josh Tarango** | (For Offenses Committed On or After November 1, 1987) <br> Case Number: **1:08CR02972-001JB** <br> USM Number: **31931-051** <br> Defense Attorney: **Jacquelyn Robins, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment Counts 2 and 3**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine | 12/07/2007 | 2 |
| 18 U.S.C. Sec. 924(c)(1)(A)(i) | Possession of a Firearm During in Relation to and in Furtherance of a Drug Trafficking Crime | 12/07/2007 | 3 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **1 of the Indictment**  is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 21, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 15, 2012**
Date Signed

Defendant: **Josue Tarango**
Case Number: **1:08CR02972-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **72 months**.

**A term of 12 months is imposed as to Count 2; a term of 60 months is imposed as to Count 3; said terms shall run consecutively for a total term of 72 months.**

Defendant Josue Tarango, pursuant to an Amended Plea Agreement, filed February 22, 2012 (Doc. 91), pled guilty to Count 2 and Count 3 of the Indictment, filed December 12, 2008 (Doc. 24). Count 2 charged him with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2, that being unlawfully, knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine. Count 3 charged him with a violation of 18 U.S.C. § 924(c)(1)(A), that being possession of a firearm in furtherance of a drug tracking crime. The Plea Agreement under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure stipulates to a sentence of 72-months imprisonment. See Plea Agreement ¶ 9(a), at 5.

The United States Probation Office ("USPO") disclosed a presentence report for J. Tarango on June 22, 2009. A revised presentence report was then disclosed on July 1, 2009, and the final presentence report was disclosed on August 28, 2009 ("PSR"). In the PSR, the USPO calculates J. Tarango`s total offense level to be 31. See PSR ¶ 37, at 12. The PSR applies a base offense level of 34, based on the amount of cocaine attributable to J. Tarango, pursuant to U.S.S.G. § 2D1.1, which provides the offense levels for Unlawful Possession with Intent to Distribute . See PSR ¶ 30, at 11. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on J. Tarango`s acceptance of responsibility. See PSR ¶ 36, at 12. The PSR lists his criminal history category as I, based on 0 criminal history points. See PSR ¶ 40, at 12. The PSR calculates that an offense level of 31 and a criminal history category of I results in a guideline imprisonment range of 108 to 135 months. See PSR ¶ 73, at 17. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.

J. Tarango asks the Court for a 72-month sentence. Plaintiff United States of America agreed to this sentence in the Amended Plea Agreement. See Amended Plea Agreement ¶ 9, at 5. At the sentencing hearing on March 21, 2012, the parties agreed to the Court reducing J. Tarango`s offense level 3 levels pursuant to U.S.S.G. § 3E1.1, "for acceptance of responsibility." Transcript of Hearing at 3:10-17 (March 21, 2012)(Court, Swainston, Robins)("Tr."). The Court adopts the sentencing calculation in the PSR as its own. An offense level of 31 and a criminal history category of I results in a guideline imprisonment range of 108 to 135 months.

On December 7, 2007, in San Juan County, New Mexico, J. Tarango was encountered in the back of his residence located at 15 County Road 5377, Farmington, New Mexico during the execution of a search warrant secured by the Federal Bureau of Investigation, based on a drug trafficking conspiracy believed to be headed by J. Tarango`s brother, Danny Tarango. FBI Agents found, in the master bedroom of the house, two bags of a crystal-like substance which appeared to be methamphetamine, an AK 47 - Romanian brand semi-automatic rifle, and a bag of a white powdery substance, later determined to be cocaine. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for J. Tarango`s offense. The Court agrees with the parties that a sentence of 72 months is sufficient to reflect the seriousness of this offense. The United States has pointed the Court to what the United States believes to be J. Tarango`s relative culpability in the case. The United States notes that there were three other Defendants in this case: (i) D. Tarango, who was head of the drug trafficking organization; (ii) Keith Salazar, a New Mexico State Police Narcotic Agent; and (iii) Levi Countryman, a former San Juan county, New Mexico Sherriff`s Deputy. The United States represents that J. Tarango appears to be at most a subordinate to D. Tarango and more likely only associated with him by living in the same home. See Tr. at 6:13-14 (Swainston). The United States represents that the evidence shows the other three Defendants` roles in the organization were major in comparison with J. Tarango`s; however, J. Tarango was the only Defendant at the house wherein the drugs and weapons were found. D. Tarango was the leader of the Tarango Drug Trafficking Organization, and the other two were corrupt police officers. The Court sentenced D. Tarango to a term of incarceration longer than any other Defendants, Countryman to 72 months, and Salazar to 72 months. The Court has in the past held that the United States` beliefs about a defendant`s relative culpability is a proper consideration for the Court to take in accepting a plea agreement pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. See United States v. Jiang, 376 F. Supp. 2d 1153, 1158 (D.N.M. 2005)(Browning, J.)(granting a variance and noting that the United States` execution of a plea agreement that purportedly addresses the defendants` relative culpability is a relative consideration to avoid sentencing disparities under 18 U.S.C. § 3553(a)).

It is noteworthy that both Countryman and Salazar, two defendants in the similar case regarding the Tarango Drug Trafficking Organization, whose relative culpability the United States concedes is greater than J. Tarango`s, each received a 72-month sentence. It is also noteworthy that J. Tarango has 0 criminal history points.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 72 months is sufficient to reflect the seriousness of J. Tarango`s crime. Other conditions that the Court will require as part of supervised release will also provide J. Tarango with some needed education, training, and care to prevent these problems from reoccurring. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). In light of the 72-month sentences that the Court imposed upon Salazar and Countryman, whose roles in the Tarango Drug-Trafficking Organization were greater than that of J. Tarango, the Court concludes that imposition of a greater sentence on J. Tarango, whose relative culpability is less, would cut against 18 U.S.C. § 3553(a)(6)`s policy goal of avoiding unwarranted sentence disparities among defendants. While J. Tarango having possession of the drugs and weapon recovered in this case by means of residing in and being found at the house in which the items were uncovered is a serious offense, the United States has also pointed to the differences between J. Tarango`s culpability and the other Defendants in this case as its reason for agreeing to 72-month sentence in the rule 11(c)(1)(C) plea agreement. Given the 72-month sentences imposed upon the similarly situated Defendants in this case, the Court believes the sentence reflects the seriousness of the offense and avoids unwarranted sentencing disparities among the Defendants, both of whom had similar records, and who have also been found guilty of similar conduct. Because J. Tarango has 0 criminal history points and because of the United States` representation that J. Tarango`s culpability is minor in comparison with the related Defendants, the Court believes the sentence reflects J. Tarango`s relative culpability, promotes respect for the law, and provides just punishment. J. Tarango now has a federal felony conviction and will serve a significant amount of time in incarceration. Thus, particularly in light of his lack of criminal history, the Court believes that the sentence affords adequate deterrence to J. Tarango specifically and the public generally. For the same reasons, the Court believes the sentence protects the public. Given J. Tarango`s relative culpability, the Court does not believe that the sentence promotes unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence reflects the factors in 18 U.S.C. § 3553(a), better reflects these factors than the guideline range, and is reasonable. Moreover, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences J. Tarango to 72-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends FCI Milan, MI, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
- ☐ at  on
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
- ☐ before 2 p.m. on
- ☐ as notified by the United States Marshal
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Josue Tarango**
Case Number: **1:08CR02972-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each Counts 2 and 3; said terms shall run concurrently for a total term of 3 years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Josue Tarango**
Case Number: **1:08CR02972-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms, drugs, and alcohol at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The Defendant shall have no contact with the co-conspirators in this case, with the exception of his brother Daniel "Danny" Tarango.**

Defendant: **Josue Tarango**
Case Number: **1:08CR02972-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ 　　The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A 　　☒　In full immediately; or

B 　　☐　$ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.